**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:                                                         : Chapter 13
**Fowler, Camille**
      Debtors/ Respondents         : 19-15560

**Answer to Motion of
For Relief from Automatic Stay**

    Debtor, Camille Fowler, by and through her undersigned attorney, hereby provides the following answers to the Motion for Relief from Stay filed by Freedom Mortgage Corporation ("Freedom", "Mortgage Company" and/or "Movant"). These responses are made without prejudice to debtor's right to present additional facts or contentions at trial based upon information hereinafter obtained or evaluated. Debtor specifically reserves the right to supplement or amend her responses or present additional facts and contentions at a later date to any of the answers given.

    1.    Denied.  The allegation contained herein are directed to a party other than the answering debtor, and they are denied as no response is required.

    2.    Admitted in Part.  It is admitted that CAMILLE FOWLER, is the owner of the premises located at 6022 LOCUST ST, Philadelphia, Pennsylvania 19139.  The remaining averments contained in this Paragraph consist of mischaracterization or summarization of documents that speak for themselves and they are denied as no response is required.

    3.    Denied.  The averments contained in this Paragraph consist of mischaracterization or summarization of documents that speak for themselves and they are denied as no response is required.

    4. -5.    Denied.  Debtor can neither admit nor deny the allegations because Debtor has no personal knowledge of the accuracy of such statement.  Strict proof is hereby demanded.

    6.    Denied as stated.  The filing of a bankruptcy petition immediately puts into effect the automatic stay, which prevents creditors from taking any further actions against the debtor or the debtor's property with respect to claims arising prior to commencement of the case. See 11 U.S.C. Section 362.  By way of further answer, the allegation contained herein are directed to a party other than the answering debtor, and they are denied as no response is required.  Proof thereof is demanded.

    7.    Denied.  Debtor can neither admit nor deny the allegations because Debtor has no personal knowledge of the accuracy of such statement.  Strict proof is hereby demanded.

    8.    Denied.  The averments contained in this Paragraph consist of

mischaracterization or summarization of documents that speak for themselves and they are denied as no response is required.

9. Denied. The averments contained in this Paragraph consist of mischaracterization or summarization of documents that speak for themselves and they are denied as no response is required. By way of further response, any request for costs and legal fees in excess of $400, is excessive. The pleading in this motion for relief is identical and/or similar, with other motions for relief filed which request only $400 for legal fees and costs. There is no stated or apparent reason or justification for any higher request. See In Re: B & K Brady Bk No. 03-18198 DWS (Request $400) or In Re: E.Frisby Bk. No. 03-31127 DWS (Request $400).

10. -11. The allegation is a legal conclusion of law to which no answer is required.

12. Denied. Federal Bankruptcy Rule 4001(a)(3) states "*Stay of Order. An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 10 days after the entry of the order, unless the court orders otherwise.*" Rule 4001(a)(3) is one of the few protections left for the debtor's from unscrupulous creditors that would seize the debtor's property prior to the debtor or debtor's counsel being served notice of said Order to the contrary or otherwise.

13. The allegation is a legal conclusion of law to which no answer is required.

For the reasons set forth above, among others, and based on this Court's authority under the Bankruptcy Code, the Debtor prays that the motion be denied, and such other relief as is just and proper. The Debtor specifically reserves the right to supplement the answer at or prior to the hearing thereon.

Dated: March 21, 2022

"/s/" Mitchell J. Prince
John L. Mc Clain, Esquire
Mitchell J. Prince, Esquire
Attorneys for Debtor
P.O. Box 123
Narberth, PA 19072
(484) 588-5570